

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.   21-cv-01695-GPG
          (To be supplied by the court)
**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2021

JEFFREY P. COLWELL
CLERK

HUNTER ADAM MELNICK, Plaintiff

v.

POLIS, Governor,

DEAN WILLIAMS, Exec. Dir. Of Prisons,

DR. BUTLER, Chief of Pyschiatry,

JOHN AND JANE DOES, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**
Original form provided free of Charge by CO DOC Legal Services to
Offender __Melnick__   DOC# __148112__
Date __JUL 23 2021__

A.  **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

HUNTER ADAM MELNICK #148112  12750 Hwy 96 Ordway, Co 81034
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
_x_ Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____


B.  **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:  Polis, Governor
(Name, job title, and complete mailing address)

Governor      1300 Broadway 10th Floor Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _x_ Yes ___ No (*check one*). Briefly explain:

CEO of State

Defendant 1 is being sued in his/her _x_ individual and/or _x_ official capacity.

2

Original form provided free of Charge by CO DOC Legal Services to
Offender  Melnick         DOC# 148112
Date  JUL 23 2021

Defendant 2:       __DEAN WILLIAMS Exec. Dir. Of Prisons__
                (Name, job title, and complete mailing address)
                __CEO of CDOC__   1300 Broadway 10th Floor
                                     Denver, Co 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __x__ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 2 is being sued in his/her ___ individual and/or __x__ official capacity.

Defendant 3:       __Dr. Butler Chief of Pyschiatry__
                (Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __x__ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 3 is being sued in his/her __x__ individual and/or __x__ official capacity.

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

__x__   42 U.S.C. § 1983 (state, county, and municipal defendants)

_____   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

_____   Other: (*please identify*) _____

Original form provided free of Charge by CO DOC Legal Services to
Offender __Melnick__ DOC# __121812__
Date __JUL 23 2021__

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: 8th Amendment Violation

Supporting facts:
Plaintiff has not had any treatment for gender dysphoria disorder and it has been over 9 months since Plaintiff has been in the custody of the department of corrections. Plaintiff has repeatedly sent kites, requests, and in person appeals to mental health staff, going all the way up to the chief of psychiatry Butler. Plaintiff has put in numerous grievances that have all been denied.
SEE ATTACHED

Original form provided free of Charge by CO DOC Legal Services to
Offender  Melnick                    DOC# 148112
Date JUL 23 2021

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _x_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _____

Docket number and court: _____

Claims raised: _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed: _____

Result on appeal, if appealed: _____

## F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

    _x_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

    _x_ Yes ___ No (*check one*)

Original form provided free of Charge by CO DOC Legal Services to
Offender __Melnick__ DOC# __148112__
Date __JUL 23 2021__

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

To be treated as any other female in the custody of DOC, whether in constructive or physical custody of the DOC. And to also be given therapy, and actual medical treatment for gender dysphoria, and to stop the harassment from DOC personnel, with a permanent injunction against the Defendants in their official capacities.
Nominal, Monetary, punitive damages against Defendants in their individual capacities, whatever amount a jury or judge believes appropriate $350,000 per Defendant

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

7-23-21
(Date)

filed Original Complaint 6-17-2021

(Form Revised December 2017)

Original form provided free of Charge by CO DOC Legal Services to
Offender __Melnick__ DOC# _148112_
Date __JUL 23 2021__

B Defendant Information

John Doe 1, Provider
1300 Broadway
Denver, CO 80203

Jane Doe 1, Captain
1300 Broadway
Denver, CO 80203

Jane Doe 2, Mental Health
1300 Broadway
Denver, CO 80203

Jane Doe 3, Mental Health
1300 Broadway
Denver, CO 80203

Jane Doe 4, Mental Health
1300 Broadway
Denver, CO 80203

Jane Doe 5, Case Manager
1300 Broadway
Denver, CO 80203

~~John Does~~ Mitchell CPO ~~Jane Does~~
1300 Broadway
Denver, CO 80203

Maria Klobe, law librarian
1300 Broadway
Denver, CO 80203

D. Statement of Claims
Dr. Michelle Klaus officially diagnosed Plaintiff in 2020 with Gender Dysphoria disorder and prescribed the Plaintiff Androgen blocking medication, which blocks the effects of testosterone.

Plaintiff repeatedly asked DOC medical providers, as in the Plaintiff's medical file about taking the medications, and was repeatedly denied, stating that "it was up the gender dysphoria committee" that DOC has and that individual providers had no discretion to re-prescribe medication. Plaintiff then asked who was on the gender dysphoria committee and the JOHN DOE 1provider stated that they didn't know. Plaintiff then sent off kites to programming, unit captains, mental health, gender dysphoria committee to be seen. Plaintiff was then seen by a JANE DOE 1Captain and reiterated all of the same issues (medication hormones placement surgery) and nothing happened. Plaintiff was then seen by a psychiatrist, and Plaintiff requested hormone therapy, psychotherapy, female facility placement and was then told by the psychiatrist that that would be up to the gender dysphoria committee. Plaintiff then asked who was on that committee and who was the head of psychiatry, and was told to kite Dr. Butler.
Plaintiff was obviously getting the run around from everyone. Plaintiff then filed multiple kites again to the gender dysphoria committee, mental health, and started the grievance process multiple times. Plaintiff received a response back from Dr. Butler the Chief of Psychiatry stating that at this time the Plaintiff would not receive any hormones and be placed in a male facility. Plaintiff then researched the DOC administrative regulation regarding 700-14 and saw that it was all on external presentation with safety concerns, regardless of Plaintiff's feelings or gender identity. Plaintiff then grieved (attempted to) the actions of the gender dysphoria committee but was responded that it was a "classification decision" and that it was un-grievable per AR 850-04. Though Plaintiff tried to grieve the conduct of the committee and not Plaintiff's current placement. Plaintiff after meeting with JANE DOE 2-4 mental health staff in person multiple more times and requesting again and again, some form of treatment for gender dysphoria and to be treated fairly, kept being shot down and denied. That was incredibly frustrating and discouraging. Plaintiff feels like life is a lie, because of having to conform to male standards in fear of more harassment and retaliation from male prisoners.
Plaintiff shouldn't have to suffer from harassment that wouldn't be occurring if Plaintiff was placed with other females, and that is exactly what is happening with other transgender individuals who have been moved from male placement to female placement. DOC does do this, they just don't want to do it in Plaintiff's case. Plaintiff gets treated in a negative way by staff because of Plaintiff's gender identity.
Plaintiff has been suffering from depression, anxiety, suicidal thoughts, excessive weight gain, head banging, angry, frustrated, weight gain, loss of motivation to do things, losing hope for life, constantly agitated, hopeless, and worthless since there has been no treatment for Plaintiff's gender dysphoria. Plaintiff knows that others offenders receive hormones, gender conforming surgery, female facility placement, and psychotherapy while incarcerated in Colorado Department of Corrections. Plaintiff knows other transgender female offenders that are currently incarcerated at the Denver Women's Correctional Facility. Plaintiff has not received ANY of treatment, even after repeatedly asking for it. Defendants have been deliberately indifferent based on them not providing the Plaintiff with ANY treatment for gender dysphoria.
0 ( ZERO) None Zilch Nada treatment for gender dysphoria treatment, which is a serious medical need. Its like limping around in serious pain with a broken leg, and DOC is telling you to "fucking walk it off, rub some dirt in it, you'll be okay".

7 Original form provided free of Charge by CO DOC Legal Services to
Offender Melnick DOC# 148112
Date JUL 23 2021

Plaintiff gets harassed by staff and inmates. Sometimes its intentional misuse of gender pronouns, talking badly about all of the "trannys", or other sexual innuendo. Filing a PREA complaint in DOC gets you nowhere except with more staff harassing you. Plaintiff has seen this happen multiple times with others that have filed PREA complaints and does not feel like being targeted even more based on "telling on the officers" or "ratting on other inmates". Plaintiff feels victimized and pissed off again just recounting and thinking of some of the details. Plaintiff having to live a lie because Defendants refusal to treat Plaintiff's gender dysphoria results in an atypical and unusual hardship in excess of normal prison conditions. Defendants deliberate indifference to Plaintiff's serious medical need is affecting every aspect of Plaintiff's life.

Plaintiff has a fundamental right to be free from sex based discrimination, to be treated equally to other females, to be treated with SOME form of medical treatment for gender dysphoria disorder and to be free from cruel and unusual punishment that is atypical of normal prison conditions. Plaintiff states again that Defendants actions, and in some cases lack of action are having a significant negative impact on Plaintiff's life.

Plaintiff submitted numerous grievances attempting to address these issues, grievances "disappeared" and were not submitted. Though Plaintiff has been through the grievance process on many of these actions in this complaint, there were many more that were "lost in the system". It got so bad that the Plaintiff started mailing grievances to DOC Office of Legal Services, and mailing letters telling what was going on to the level 3 grievance coordinator at DOC Headquarters. Plaintiff kept speaking to case manager Willard at the time and he kept telling me that it was in his boss's hands JANE DOE 5. JANE DOE 5 had stated to the Plaintiff that the grievances were being taken care of appropriately and getting processed properly. Plaintiff kept catching JANE DOE 5 in lies about whether grievances were being "chroned" properly in the DOC chronological entry system, and what were the status of grievances filed, including requesting grievance numbers so Plaintiff could follow up. Plaintiff was repeatedly dismissed and given the run around to prevent the Plaintiff from filing grievances against staff. CM Willard stated that she was his boss and that his hands were tied and that all you can do is keep trying.

The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. See New York Times Co. [*374] v. United States, 403 U.S. 713 [***566] (1971) Elrod v. Burns, 427 U.S. 347, 373-374, 96 S. Ct. 2673, 2690, 49 L. Ed. 2d 547, 565-566, 1976 U.S. LEXIS 109, *47, 1 I.E.R. Cas. (BNA) 60 (U.S. June 28, 1976)

"In Lamb, this court identified four currently available treatments for gender dysphoria: (1) changes in gender expression and role; (2) hormone therapy to make the body feminine or masculine; (3) surgery to change primary or secondary sex characteristics; and (4) psychotherapy. Id. Here, a reasonable jury could conclude the in-cell meetings referenced above do not rise to the level of "psychotherapy," and the record contains no evidence of the [*664] other three possible treatments. If there is at least a genuine issue as to whether Hardeman has even received any of the four currently available treatments, she cannot simply be "asserting a difference of opinion" as to "the kind and quality of medical treatment.""

Hardeman v. Smith, 764 Fed. Appx. 658, 663-664, 2019 U.S. App. LEXIS 5163, *12, 2019 WL 856585 (10th Cir. Okla. February 22, 2019)

Original form provided free of Charge by CO DOC Legal Services to Offender Melnick DOC# 148112 Date JUL 23 2021

Running contrary to the magistrates citing of Brown, 63 F.3d 967, Brown states inside itself "Recent research concluding that sexual identity may be biological suggests reevaluating Holloway. See Equality Found. v. City of Cincinnati, 860 F. Supp. 417, 437 (S.D. Ohio 1994) (concluding that sexual orientation is an issue beyond individual control), aff'd in part and vacated in part, 54 F.3d 261 (6th Cir. 1995); Dahl v. Secretary of the United States Navy, 830 F. Supp. 1319, 1324 [**11] n.5 (E.D. Cal. 1993) (collecting research suggesting that sexual identity is biological)."

Brown v. Zavaras, 63 F.3d 967, 971, 1995 U.S. App. LEXIS 23283, *10-11 (10th Cir. Colo. August 18, 1995)

We have come a long way since 1995 and the new case law in this country, including the United States Supreme Court ruling in Bostock v. Clayton Cty has binding precedent, that not only is being a female a suspect class, but that a transgender person can be discriminated against based on their "sex". And that it is a "sex" based discrimination claim. See Below
"Finally, despite the important differences between the Fourteenth Amendment and Title VII, the Court's decision may exert a gravitational pull in constitutional cases. Under our precedents, the Equal Protection Clause prohibits sex-based discrimination unless a "heightened" standard of review is met. Sessions v. Morales-Santana, 582 U. S. ___, ___, 137 S. Ct. 1678, 198 L. Ed. 2d 150 (2017) (slip op., at 8); United States v. Virginia, 518 U. S. 515, 532-534, 116 S. Ct. 2264, 135 L. Ed. 2d 735 (1996). By equating discrimination because of sexual orientation or gender identity with discrimination because of sex, the Court's [**281] decision will be cited as a ground for subjecting all three forms of discrimination to the same exacting standard of review.

Under this logic, today's decision may have effects that extend well beyond the domain of federal antidiscrimination statutes. This potential is illustrated by pending and recent lower court cases in which transgender individuals have challenged a variety of federal, state, and local laws and policies on constitutional grounds."
 See, e.g., Complaint in Hecox, No. 1: 20-CV-00184 (state law prohibiting transgender students from competing in school sports in accordance with their gender [***125] identity); Second Amended Complaint in Karnoski v. Trump, No. 2:17-cv-01297 (WD Wash., July 31, 2019) (military's ban on transgender members); Kadel v. Folwell, ___ F. Supp. 3d ___, ___-___, 2020 U.S. Dist. LEXIS 42586, 2020 WL 1169271, *10-*11 (MDNC, Mar. 11, 2020) (state health plan's exclusion of coverage for sex reassignment procedures); Complaint in Gore v. Lee, No. 3:19-cv-00328 (MD Tenn., Mar. 3, 2020) (change of gender on birth certificates); Brief for Appellee in Grimm v. Gloucester Cty. School Bd., No. 19-1952 (CA4, Nov. 18, 2019) (transgender student forced to use gender neutral bathrooms at school); Complaint in Corbitt v. Taylor, No. 2:18-cv-00091 (MD Ala., July 25, 2018) (change of gender on driver's licenses); Whitaker, 858 F. 3d, at 1054 (school policy requiring students to use the bathroom that corresponds to the sex on birth certificate); Keohane v. Florida Dept. of Corrections Secretary, 952 F. 3d 1257, 1262-1265 (CA11 2020) (transgender prisoner denied hormone therapy and ability to dress and groom as a female); Edmo v. Corizon, Inc., 935 F. 3d 757, 767 (CA9 2019) (transgender prisoner requested sex reassignment surgery); cf. Glenn v. Brumby, 663 F. 3d 1312, 1320 (CA11 2011) (transgender individual fired for gender non-conformity).

Original form provided free of Charge by CO DOC Legal Services to
Offender  Melnick   DOC# 148112
Date  JUL 23 2021

Bostock v. Clayton Cty., 140 S. Ct. 1731, 1783, 207 L. Ed. 2d 218, 280-281, 2020 U.S. LEXIS 3252, *124-125, 104 Empl. Prac. Dec. (CCH) P46,540, 28 Fla. L. Weekly Fed. S 294 (U.S. June 15, 2020)

Female officers in DOC have and exceptionally bad attitude towards transgender offenders, including ~~JANE DOE~~ Mitchell, CPO Plaintiff's parole officer, and other Defendants. Plaintiff's chronological entries, medical records, mental health records, and even Parole hearing audio of Plaintiff's CPO, shows DOC's attitude to transgender offenders. of harassment. CPO Mitchell's intentional misuse of pronouns, discriminatory attitude, and outright lies about Plaintiff's conduct has had a detrimental effect on Plaintiff's outlook on life, self-esteem and paradigm about law enforcement and the justice system in general. Maria Klobe the law librarian, has written lies about Plaintiff, continues to purposely misuse gender pronouns and even now does things like watermark documents, stamp documents, that are not supposed to be altered. Plaintiff after grieving Klobe's conduct has law library passes "disappear" weeks go by for things that need to be printed though conveniently backdated but not delivered until much later. And over all writes false reports and does everything she can to impede access to forms the court and fighting for transgender rights. Plaintiff can barely get once a week in the law library when others can get double or triple that. Plaintiff even submitted an ADA claim for accommodation through legal services which was denied (11-16-20) about transgender. Plaintiff has numerous kites, grievances, records to support these records and DOC has the records too.

10
Original form provided free of Charge by CO DOC Legal Services to
Offender Melnick DOC# 148112
Date JUL 23 2021

**Colorado Department Of Corrections**

Name Hunter McNair
Register Number 148112
Unit AVCF
Box Number 12750 Hwy 96
City, State, Zip Ordway, CO 81034

US District Court
901-19th St, Rm A105
Denver, CO 80294

ALICE 7-25-21
FACILITY: Downs
Dr. Rufo DO
STAFF LAST NAME: Melnick ID# 24422 INT: HM