IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01695-CNS-KLM

HUNTER ADAM MELNICK,

     Plaintiff,

v.

DEAN WILLIAMS, Executive Director of Prisons, in his official capacity, and
SARAH BUTLER, Dr., Chief of Psychiatry, in her individual and official capacities,
CPO MITCHELL,
MARIA KLOBE, Law Librarian,

     Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Objection to Magistrate Judge Mix's Recommendation to grant Defendants' Motion to Dismiss. (ECF Nos. 52, 74). As set forth below, the Court AFFIRMS and ADOPTS the Recommendation.

## I. BACKGROUND

This matter is before the Court on a Motion to Dismiss, filed by Defendants Dean Williams and Dr. Sarah Butler (together, the "Defendants"). (ECF No. 29). Plaintiff filed a Response (ECF No. 31) in opposition, Defendants filed a Reply (ECF No. 38), and Plaintiff filed a Surreply (ECF No. 42). Magistrate Judge Mix reviewed the Motion (ECF No. 29), the Response (ECF No. 31), the Reply and Surreply (ECF Nos. 38, 42), the entire case file, and the applicable law. Magistrate Judge Mix recommended that the Motion to Dismiss be granted. (ECF No. 74).

1

Plaintiff is a pro se inmate at the Bent County Correctional Facility, which is part of the Colorado Department of Corrections ("CDOC") (ECF Nos. 8; 52, p. 2).  Plaintiff alleges that she was allegedly diagnosed with gender dysphoria disorder in 2020 and prescribed testosterone-blocking medication.  (ECF No. 8, p. 8).  While incarcerated, Plaintiff was seen by a psychiatrist and requested hormone therapy, psychotherapy, and placement in a female facility.  (*Id.*).  Plaintiff alleged that after repeated kites for hormone therapy and transfer from the male facility, her requests were denied by the CDOC.  (*Id.*).  Plaintiff filed an Amended Complaint challenging the CDOC policy AR 700-14 and asserting violations of the Eighth and Fourteenth Amendments.  Plaintiff objects to the recommendation, arguing that Defendant cannot disagree with a prior medical diagnosis of gender dysphoria and that she has a right to some form of medical treatment.  (ECF No. 74).

## II.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 1059.  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint may be dismissed, however, because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).  A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

The Court is aware of Plaintiff's pro se status, and, accordingly, reads her pleadings and filings liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F. 3d 836, 840 (10th Cir. 2005).  A pro se plaintiff must comply with the rules and procedures governing counsel and the requirements of the substantive law; therefore, the Court will hold Plaintiff to the same standard. *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1278-79 (D. Colo. 2009).

This Court has carefully considered the Eighth Amendment claims against Dr. Butler in her official and individual capacity, the Eighth Amendment and Fourteenth Amendment claims targeting the Colorado Department of Corrections policy AR 700-14, the claim against Defendant Williams in his official capacity, and the PLRA claim for compensatory damages. Magistrate Judge Mix has presented the Court with a thorough analysis of the issues, which the Court ADOPTS as an Order of this Court.

### III.  ANALYSIS

**A.     Dr. Butler**

Plaintiff contends that Dr. Butler violated the Eighth Amendment to the United States Constitution, which provides that "cruel and unusual" punishment shall not be inflicted. U.S. Const. amend. VIII. The United States Supreme Court has determined that for denial of medical care by an official or prison administration to be classified as cruel and unusual punishment, there must exist a deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference analysis involves both an objective and a subjective component. *Sealock v. Colorado*, 218 F. 3d 11205, 1209 (10th Cir. 2000). An inmate must establish: (1) that there was a deprivation of an objectively sufficiently serious medical need; and (2) that the defendant subjectively knew of and consciously disregarded an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[I]nadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle,* 429 U.S. at 106. Given that Defendants

have not argued against the sufficiently serious prong, this Court agrees with Magistrate Judge

Mix that the prong is satisfied by Plaintiff's diagnosis of gender dysphoria.  (ECF No. 52, p. 10).

The second prong requires Defendant's subjective knowledge of an excessive risk to

Plaintiff's health or safety.  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).  Dr. Butler's

knowledge is a question of fact, and Plaintiff must allege facts that Dr. Butler knew about and

consciously disregarded a substantial risk of harm.  *Id*.  Plaintiff insinuates that Dr. Butler's title

as Chief of Psychiatry at CDOC is enough to establish Dr. Butler's knowledge of the risks involved

with not treating an individual with gender dysphoria disorder.  Plaintiff otherwise fails to present

evidence of Dr. Butler's culpable state of mind.  (ECF Nos. 8, 31).  Even if Dr. Butler was aware

of Plaintiff's diagnosis, that would not necessarily put her on notice that Plaintiff was at an

excessive risk of harm if she did not receive treatment because "not every gender dysphoric person

has the same medical needs."  *Edmo v. Corizon, Inc.,* 935 F. 3d 757, 769 (9th Cir. 2019).  There is

also no evidence that Plaintiff conveyed any symptoms or the severity of any symptoms to

Dr. Butler.  Accordingly, Plaintiff's Eighth Amendment claims against Dr. Butler, in both her

individual and official capacity, are dismissed without prejudice.[1]

B.      **Colorado Department of Corrections Policy AR 700-14**

Plaintiff asserts that the Colorado Department of Corrections policy, AR 700-14, violates

the Eighth Amendment.  (ECF No. 8, p. 8).  AR 700-14 states, "[i]t is the policy of the Colorado

Department of Corrections . . . to provide appropriate treatment services to offenders identified as

meeting the criteria for a diagnosis of gender dysphoria and to maximize the protection offered to

---

[1] As this Court has concluded that Plaintiff has failed to establish a viable Eighth or Fourteenth Amendment claim against Dr. Butler, the Court does not need to reach the issue of qualified immunity or injunctive relief.  *See Abu-Fakher v. Bode*, 175 F. App'x 179, 182 (10th Cir. 2006).  Plaintiff, however, may be able to cure her pleading deficiencies in a Second Amended Complaint.

offenders under the Prison Rape Elimination Act while maintaining security and safety of staff and offenders." (ECF No. 38-1, p. 1). A prison regulation that allegedly impinges on an inmate's constitutional rights is valid if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). A court must examine:

> (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004) (citation omitted).

Within the Tenth Circuit, the first factor is the most important. It is "not simply a consideration to be weighed but rather an essential requirement." *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012). To survive a motion to dismiss, the prisoner must "plead facts from which a plausible inference can be drawn that the regulation was not reasonably related to a legitimate penological interest." *Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010). The Court finds that AR 700-14 demonstrates a legitimate penological interest of the state to maximize protection and Plaintiff fails to assert that the policy is not reasonably related to a legitimate penological interest. The Court finds that Plaintiff fails to allege an Eighth Amendment violation and the claim must be dismissed with prejudice. (ECF No. 52, p. 18).

## C.     Fourteenth Amendment Equal Protection Clause

To establish an equal protection claim, Plaintiff must allege facts demonstrating that she was intentionally treated differently from similarly situated inmates or former inmates. *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Plaintiff must allege that the distinction between inmates was not reasonably related to some legitimate penological purpose. *Trujillo v. Williams*,

465 F.3d 1210, 1228 (10th Cir. 2006).  Plaintiff's Amended Complaint states that Plaintiff is being singled out and treated differently from other transgender female inmates.  This presents a class-of-one claim because Plaintiff fails to allege that the CDOC discriminates against women or transgender women as a class based on sex or gender identity.  (ECF No. 8, p. 8).

Plaintiff asserts a class-of-one equal protection claim by claiming that she knows of other transgender women at the Denver Women's Correctional Facility and that she has not received the same treatment that the other transgender women have received.  The Supreme Court has recognized equal protection claims brought by a class of one.  *See Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  However, "courts have imposed exacting burdens on plaintiffs to demonstrate similarity in class-of-one cases."  *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1213 (10th Cir. 2006).  To survive a motion to dismiss, Plaintiff must provide a well-defined explanation of how similarly situated individuals are treated more favorably.  *See Jennings v. City of Stillwater*, 383 F.3d 1199, 1213 (10th Cir. 2004).  "[D]ismissal is proper where a party offers only conclusory allegations that others are similarly situated, without any factual support plausibly suggesting similarities 'in all material respects.'"  *Shifrin v. Tokll*, 483 F. App'x 446, 450 (10th Cir. 2012).  Because Plaintiff did not allege specific or detailed characteristics of the other transgender women that would make them similar to her, Plaintiff's assertion amounts to a conclusory allegation.  In addition, Plaintiff has failed to allege that the treatment was without rational basis or that it was unrelated to legitimate state interests.  *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).  As such, Plaintiff fails to allege a violation under the Fourteenth Amendment and the claim must be dismissed with prejudice.

**D.      Defendant Williams**

Plaintiff brings suit against Defendant Williams in his official capacity as the Executive Director of Prisons for injunctive relief, which this Court interprets as a claim against the CDOC. (ECF No. 8, p. 3).  To establish an entitlement to injunctive relief, Plaintiff must allege that a constitutional violation was committed by a CDOC employee.  *Chapman v. Fed. Bureau of Prisons*, 15-CV-00279-WYD-KLM, 2015 WL 7883956, at *6 (D. Colo. Dec. 4, 2015).  Because the Court has previously concluded that Plaintiff failed to allege a constitutional violation by a CDOC employee, this claim must be dismissed without prejudice.

**E.      Prison Litigation Reform Act ("PLRA")**

Finally, Plaintiff's claim for compensatory damages against Dr. Butler in her individual capacity fails.  Under the PLRA, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of injury." 42 U.S.C. § 1997e(e).  Without Plaintiff showing a *physical* injury, compensatory damages are barred under section 1997e(e) but not claims for declaratory or injunctive relief.  *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 808 (10th Cir. 1999).  "Plaintiff must cite a physical injury that is separate from mental and emotional injuries." *Hughes v. Colo. Dept. of Corr.*, 594 F. Supp. 2d 1226, 1238 (D. Colo. 2009).  The serious injuries cited by Plaintiff are depression, anxiety, suicidal thoughts, and excessive weight gain.  While significant, these injuries are *symptoms* of Plaintiff's alleged mental or emotional injuries and do not meet the standard of physical injury under the PLRA.  Therefore, this Court finds that Plaintiff has not alleged a claim that entitles her to compensatory damages under the PLRA.

## IV.  CONCLUSION

Accordingly, the Court OVERRULES Plaintiff's objections (ECF No. 74), ADOPTS the Recommendation (ECF No. 52), and GRANTS Defendants' Motion to Dismiss.  (ECF No. 29). The Eighth Amendment claims against Dr. Butler, in her individual and official capacity, and Defendant Williams, in his official capacity, are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that concerning the above claims dismissed without prejudice, Plaintiff, to the extent she believes she can cure the deficiencies set forth in this Order, may file a Second Amended Complaint within sixty (60) days.

IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment claim regarding AR 700-14 and Equal Protection Clause claim are DISMISSED WITH PREJUDICE.

DATED this 29th day of September 2022.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge

9