IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01695-CNS-KLM

HUNTER ADAM MELNICK,

      Plaintiff,

v.

POLIS, Governor
DEAN WILLIAMS, Exec. Dir. of Prisons,
DR. BUTLER, Chief of Psychiatry
THERESA MITCHELL,
JANE DOE, and
JANE/JOHN DOES,

      Defendants.

---

## CDOC DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6)

---

Defendants Dean Williams, Dr. Sarah Butler, and Theresa Mitchell (together, the "CDOC Defendants"), through the Colorado Attorney General, respectfully submit this Partial Motion to Dismiss Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### STATEMENT OF THE CASE

Plaintiff Hunter Adam Melnick is an inmate presently incarcerated in the Colorado Department of Corrections (CDOC). Melnick[1] initially brought this action under 42 U.S.C.

---

[1] In at least one other recent litigation matter involving the CDOC, Melnick has instructed other attorneys within the Colorado Department of Law to use gender-neutral language and avoid gendered titles (e.g. Mr., Ms.) in reference to Melnick. To date, no filings in this action have identified Melnick's personal pronouns or a preferred title. Accordingly, out of respect for Melnick's request to undersigned counsel's office, this Motion identifies Melnick only by last name, without use of a gendered title or gendered pronouns. Should Melnick identify personal pronouns or a preferred title at any time in these proceedings, undersigned counsel will use those pronouns and title in future filings.

§ 1983 alleging that various named defendants engaged in federal constitutional rights violations in connection with treatment for gender dysphoria. *See* Am. Compl. (ECF No. 8). After the Court reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915A and D.C.COLO.LCivR 8.1(b), Melnick's claims against Defendants Polis and John and Jane Does were dismissed under Rule 8 of the Federal Rules of Civil Procedure, and the claims against Mr. Williams and Dr. Butler were assigned to a District Court Judge and a Magistrate Judge. *See* Recomm. of U.S. Magistrate Judge (ECF No. 11); *see also* Order (ECF No. 14). Mr. Williams and Dr. Butler moved to dismiss the claims against them in their entirety under Rule 12(b)(6) for failure to state a claim for relief. *See* ECF No. 29. The Court granted the motion to dismiss, dismissing the Eighth Amendment claims against Dr. Butler and Mr. Williams without prejudice and with leave to amend, and dismissing the claim challenging the constitutionality of Administrative Regulation (AR) 700-14 and the Fourteenth Amendment equal protection claim with prejudice.

Melnick timely filed a Second Amended Complaint, which appears to be a minimally refashioned version of the First Amended Complaint. Specifically, the Second Amended Complaint alleges that Melnick was diagnosed with gender dysphoria disorder in 2020 and prescribed androgen-blocking medication. Second Am. Compl. at 8 (ECF No. 98). Upon intake at CDOC, Melnick allegedly repeatedly requested treatment for gender dysphoria, including placement in a female facility, surgery, and hormones. *Id.* Facility staff allegedly told Melnick to send a kite to the gender dysphoria committee. *Id.* Melnick allegedly asked a provider who oversaw the gender dysphoria committee "and was told it was Doctor Butler and that Plaintiff needed to kite her." *Id.*

Melnick then allegedly sent kites requesting treatment for gender dysphoria and outlining Melnick's distress at being housed in a male facility to many individuals and/or offices, including Dr. Butler. *Id.* at 8-9. Approximately two weeks later, Melnick allegedly received a written response from Dr. Butler stating that Melnick "would not receive any hormones and would be placed in a male facility." *Id.* at 9. Dr. Butler allegedly also responded to a grievance with the same statement. *Id.* Melnick asserts that because of Dr. Butler's positions as Chief of Psychiatry and head of the gender dysphoria committee, she "would have intimate knowledge of the risks associated with Gender Dysphoria and the available treatments." *Id.* at 9.

Additionally, Melnick asserts that Mr. Williams "as the Executive Director is the one who promulgates all DOC policy," and that his "policies including AR 700-14 have resulted in the discrimination of the Plaintiff." *Id.* Melnick further asserts that Mr. Williams "failed to train staff on how to appropriate [sic] enforce and implement AR 700-14," which allegedly caused Melnick "atypical hardship and suffering." *Id.*

Finally, Melnick states that female officers, including Defendant Teresa Mitchell, "have an exceptionally bad attitude towards transgender offenders," and "Mitchell and other female staff routinely participate in transgender bashing and malicious comments resulting in discrimination." *Id.* at 10-11. Melnick also alleges being harassed by unidentified staff and inmates by "intentional misuse of gender pronouns, talking badly about all of the 'trannys,' or other sexual innuendo." *Id.*

As a result, Melnick allegedly is "suffering from depression, anxiety, suicidal thoughts, excessive weight gain, head banging, self-mutilation, angry, frustrated, weight gain, loss of

motivation to do things, losing hope for life, constantly agitated, hopeless, and worthless since there has been no treatment for Plaintiff's gender dysphoria." *Id.* at 9.

Melnick does not expressly identify which claims are brought against which named defendants. However, the Second Amended Complaint lists as its claims violations of the Colorado Anti-Discrimination Act (CADA), the Americans with Disabilities Act (the ADA), the Eighth and Fourteenth Amendments to the U.S. Constitution, "Failure to Train Claim," and a challenge to the constitutionality of AR 700-14. *Id.* at 8. Melnick brings this action against the CDOC Defendants in their individual and official capacities[2] seeking nominal, compensatory, and punitive damages, a declaration that the CDOC Defendants violated Melnick's civil rights, and an injunction requiring Melnick "[t]o be treated as any other female in the custody of DOC . . . to also be given therapy, and actual medical treatment for gender dysphoria, and to stop the harassment from DOC personnel." *Id.* at 6.

The Second Amended Complaint should be dismissed for many reasons. First, the claims that were previously dismissed with prejudice cannot be reasserted in this action. Second, to the extent Melnick asserts a claim under CADA, this Court lacks subject-matter jurisdiction over any such claim. Third, to the extent Melnick asserts a claim under the ADA, the Second Amended Complaint fails to state a claim. Fourth, Melnick fails to state a claim for relief under the Eighth Amendment as to Mr. Williams. Fifth, Melnick fails to state a claim for relief under the Eight or Fourteenth Amendments as to Ms. Mitchell. Sixth, because there are no allegations of physical

---

[2] Melnick also brings this action against Governor Polis and several John and Jane Doe defendants. *See id.* at 2, 7. These defendants were previously dismissed from this action under Rule 8. *See* Recomm. of U.S. Magistrate Judge (ECF No. 11) and Order (ECF No. 14). To the extent Melnick can reassert the claims against them and seeks to do so here, upon information and belief, they have not been served with a summons and complaint in this action.

injury resulting from the CDOC Defendants' alleged conduct, the Prison Litigation Reform Act bars Melnick from recovering any compensatory damages. Finally, Mr. Williams and Ms. Mitchell are entitled to qualified immunity in their individual capacities. Accordingly, the CDOC Defendants respectfully request dismissal of all claims against Mr. Williams and Ms. Mitchell, and any non-Eighth Amendment claims and any claims for compensatory damages against Dr. Butler.

## STANDARD OF REVIEW

A court may dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The determination of a court's subject-matter jurisdiction is a threshold question of law. *Madsen v. United States ex rel. U.S. Army Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987). The party invoking a court's jurisdiction bears the burden of proof. *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). If the opposing party challenges the jurisdiction of the court as a matter of law, the court must accept the factual allegations as true and determine whether those facts state a claim over which the court has jurisdiction. *Amoco Prod. Co. v. Aspen Grp.*, 8 F. Supp. 2d 1249, 1251 (D. Colo. 1998).

A court may also dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). While

detailed factual allegations are not required, a plaintiff must assert "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Courts must construe pro se complaints liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). But the Court has no duty to assume the role of advocate for a pro se plaintiff, nor should it supply additional facts or construct a legal theory for the plaintiff. *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

## ARGUMENT

### I.    Melnick cannot reassert claims that were previously dismissed with prejudice.

In the Second Amended Complaint, Melnick appears to reassert the Fourteenth Amendment equal protection claim and the constitutional challenge to AR 700-14 that the Court dismissed with prejudice in its September 29, 2022 Order (ECF No. 80). A "dismissal with prejudice means the plaintiff cannot return to federal court with the same claims." *Charles v. Hackford*, No. 18-4024, 2018 WL 4006938 (10th Cir. Apr. 5, 2018) (citing *Styskal v. Weld County Bd. of County Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004)). Because these claims were dismissed with prejudice, they cannot be reasserted in this Court.

### II.    To the extent Melnick asserts a CADA claim against the CDOC Defendants, the Court lacks jurisdiction over it.

The Second Amended Complaint also appears to assert a claim under CADA. Melnick does not identify which defendants purportedly violated CADA or how they did so. Nor does Melnick clearly identify which provision of CADA may have been violated, as the statute Melnick cites to describes the administrative procedures governing CADA claims. *See* § 24-34-306, C.R.S. Any such claim therefore does not satisfy Rule 8's pleading requirements.

Nevertheless, to the extent the Court construes the Second Amended Complaint as asserting a CADA claim that satisfies Rule 8 against the CDOC Defendants, any such claim must be dismissed because no allegations support that Melnick has exhausted the administrative remedies applicable to a CADA claim.

Exhaustion is a jurisdictional prerequisite to bringing a CADA claim. *See City of Colo. Springs v. Conners*, 993 P.2d 1167, 1169 n.3 (Colo. 2000) ("As a condition precedent to bringing an action in district court, a party must exhaust her administrative remedies available under [CADA], and a right-to-sue letter will often serve as evidence that a party complied with this requirement."). A court lacking jurisdiction "must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Because Melnick has not provided proof of receipt of a notice of right to sue, Melnick has not demonstrated exhaustion of administrative remedies under CADA. Accordingly, this Court lacks subject-matter jurisdiction over any CADA claim, and any such claim must be dismissed under Rule 12(b)(6).

### III. To the extent the Second Amended Complaint asserts a claim under the ADA, Melnick fails to state a claim for relief.

The Second Amended Complaint also appears to assert an ADA claim. Second Am. Compl. at 8 (ECF No. 98). Melnick does not identify which defendants may have violated the ADA or in what capacity. To the extent Melnick seeks to bring an ADA claim against the CDOC Defendants in their individual capacities, the claim must fail as a matter of law because individual-capacity ADA claims are not cognizable.

To prevail on an ADA claim, a plaintiff must allege that a public entity discriminated against them. 42 U.S.C. § 12132; *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208

(1998) (the ADA "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability'"). Only public entities may be sued under the Title II of the ADA. "[I]ndividual defendants in their individual capacities are not properly subject to suit under the Rehabilitation Act or the Disability Act." *Montez v. Romer*, 32 F. Supp. 2d 1235, 1241 (D. Colo. 1999). Thus, Melnick's claim under the ADA cannot be brought against CDOC Defendants in their individual capacities and must be dismissed. *Id.*

To the extent Melnick seeks to bring an ADA claim against the CDOC Defendants in their official capacities, the allegations in the Second Amended Complaint are insufficient to support any such claim. A plaintiff bringing a public-accommodations ADA claim must show that "(1) he is a qualified individual with a disability, (2) who was excluded from participation or denied the benefits of a public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007). In apparent support of an ADA claim, Melnick alleges only that Melnick filed an ADA accommodation request under Administrative Regulation (AR) 750-04 seeking placement in a female facility and that the request was denied because it constituted a medical issue. Second Am. Compl. at 8 (ECF No. 98). This allegation alone is too threadbare to state an ADA claim. It does not support that Melnick is a qualified individual with a disability, or that Melnick was excluded from participation or denied benefits of any CDOC services, programs, or activities on account of a disability. To the contrary, as alleged, the response stated a nondiscriminatory reason for denial: that Melnick's request was a request for medical care and treatment and thus could not be addressed with an ADA

accommodation. *See id.*; *see also* AR 750-04, at 3. [3] Accordingly, to the extent Melnick seeks to bring an ADA claim, any such claim must be dismissed.

## IV. Melnick fails to state a claim for relief under the Eighth Amendment as to Mr. Williams.

The Eighth Amendment "imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Prison conditions violate the Eighth Amendment if they involve "unnecessary and wanton infliction of pain," are "grossly disproportionate to the severity of the crime" for which the inmate is confined, or result in an "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). Only deprivations denying "the minimal civilized measure of life's necessities" are sufficiently serious to amount to an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

To prevail on a conditions-of-confinement claim, a plaintiff must show both that (1) the deprivation is sufficiently serious to implicate constitutional protection, and (2) the prison official acted with deliberate indifference to the plaintiff's health or safety. *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001). Mere negligence is insufficient. *Whitley v. Albers*, 475 U.S.

---

[3] Available at https://drive.google.com/file/d/1RORWOOe0RKvwzuji5PBNoUuIr83E0agT/view. Because the Second Amended Complaint refers to AR 750-04 and this policy is central to any ADA claim Melnick asserts, it may be considered part of the pleadings in a Rule 12(b)(6) motion, and thus this Motion should not be converted to a motion for summary judgment. "When a document is referred to in the complaint and is central to the plaintiff's claim, the court has discretion to consider the document as part of the pleadings." *U.S. Olympic Comm. v. Amer. Media, Inc.*, 156 F. Supp. 2d 1200, 1204 (D. Colo. 2001) (citing *Prager v. LaFaver*, 180 F.3d 1185, 1188-89 (10th Cir. 1999)).

312, 319 (1986). Rather, a prison official must have known of and consciously disregarded an excessive risk to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the context of an Eighth Amendment claim arising from an alleged denial or delay in medical care, deliberate indifference may occur when a prison official intentionally denies or delays access to medical care or refuses to fulfill his or her role as a gatekeeper. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

A plaintiff must also show that each individual defendant was personally responsible for a deprivation of his constitutional rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Conclusory allegations of personal participation are insufficient to state a claim for relief. *Gray v. Sorrels*, 744 F. App'x 563, 568 (10th Cir. 2018). Rather, a plaintiff demonstrates that a defendant personally participated in an alleged violation only if the plaintiff establishes that there is an "affirmative link" between the defendant's conduct and the described violation. *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

Here, Melnick fails to state an Eighth Amendment claim as to Mr. Williams. The sole allegations concerning Mr. Williams are that (1) as Executive Director he "promulgates all DOC policy," (2) CDOC policies, including AR 700-14, have resulted in discrimination against Melnick, and in Melnick's "ADA claim being tossed aside by DOC's office of legal services"; and (3) Mr. Williams's "policies and lack of training employees has resulted in damage to the Plaintiff."[4] Second Am. Compl. at 10 (ECF No. 98). None of these allegations support an

_____

[4] These are the only allegations in the Second Amended Complaint concerning a failure to train CDOC personnel on any matter. The CDOC Defendants therefore presume that Melnick's "Failure to Train Claim" refers to the Eighth Amendment claim against Mr. Williams. To the extent Melnick purports to assert a separate "Failure to Train Claim" against any of the CDOC

inference that Mr. Williams consciously disregarded an excessive risk to Melnick's health or safety, nor that he personally participated in any violation of Melnick's rights.

Moreover, to the extent Melnick seeks to bring a supervisory claim against Mr. Williams, § 1983 does not allow a defendant to be held vicariously liable for a subordinate's actions. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1155 (10th Cir. 2006). "Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights." *Id.* at 1151. To prevail in a § 1983 action arising from a defendant's supervisory responsibilities, a plaintiff must establish that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Here, Melnick has not alleged *any* facts that might support an inference that Mr. Williams acted with the requisite state of mind to support an Eighth Amendment deliberate indifference claim, as is required under the third *Dodds* prong. What's more, this Court has already upheld the complained-of policy, AR 700-14, as satisfying the U.S. Constitution. *See* Order at 5-6 (ECF No. 80). Thus, Melnick's allegations cannot satisfy the second prong of *Dodds* either. For these reasons, any Eighth Amendment claim against Mr. Williams must be dismissed.

## V. Melnick fails to state a Fourteenth or Eighth Amendment claim against Defendant Mitchell.

Again, it is unclear precisely which claims are asserted against which defendants. However, to the extent Melnick asserts a Fourteenth Amendment equal protection claim against

_____

Defendants, the Second Amended Complaint does not adequately place the CDOC Defendants on notice as to the basis for this claim, and thus it must be dismissed under Rule 8.

Ms. Mitchell, Melnick fails to state a claim for relief for the same reasons the First Amended Complaint's Fourteenth Amendment claims against Dr. Butler and Mr. Williams failed.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal protection of the laws "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Different types of equal protection claims require different standards of review. Thus, "[a] claim that a state actor discriminated on the basis of a suspect (e.g., race), quasi-suspect (e.g., gender), or a non-suspect classification calls for strict, intermediate, or rational basis scrutiny, respectively." *Brown v. Montoya*, 662 F.3d 1152, 1172 (10th Cir. 2011). In each instance, at a minimum, a plaintiff must first make a threshold showing that she was treated differently from others who were similarly situated to assert a plausible claim for relief. *Id.* at 1173 (quoting *Barney*, 143 F.3d at 1312).

Here, Melnick makes only vague assertions that Ms. Mitchell "ha[s] an exceptionally bad attitude towards transgender offenders" and that she and other unidentified female staff "routinely participate in transgender bashing and malicious comments resulting in discrimination." These allegations are too vague and too conclusory to support an inference that Ms. Mitchell treated Melnick differently from any other incarcerated individuals, let alone others who were similarly situated to Melnick.

The allegations likewise fail to state a claim for relief under the Eighth Amendment, to the extent Melnick asserts any such claim against Ms. Mitchell. As stated above, to state an Eighth Amendment deliberate indifference claim, a plaintiff must allege that the defendant knew

of and consciously disregarded an excessive risk to the plaintiff's health or safety. *Farmer*, 511 U.S. at 837. None of the allegations concerning Ms. Mitchell support an inference that she knew of and disregarded a risk to Melnick's health or safety, or that she personally participated in any violation of Melnick's rights. Moreover, Melnick's allegations of verbal harassment are insufficient to state an Eighth Amendment claim. *See, e.g.*, *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992). Accordingly, any such claim should be dismissed.

**VI.    The PLRA bars Melnick from recovering any compensatory damages.**

The PLRA provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Absent any showing of a physical injury, a claim for compensatory damages is barred. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 n.6 (10th Cir.1999). "Plaintiff must cite a physical injury that is separate from mental and emotional injuries." *Hughes v. Colo. Dep't of Corr.*, 594 F. Supp. 2d 1226, 1238 (D. Colo. 2009).

As this Court held, Melnick's alleged injuries listed in the First Amended Complaint, while significant, did not meet the standard of a physical injury under the PLRA. Order at 8 (ECF No. 80). Melnick alleges a nearly identical list of alleged injuries in the Second Amended Complaint, only adding "self-mutilation" to the list of alleged injuries. *Compare* Am. Compl. at 8 (ECF No. 8) *with* Second Am. Compl. at 9 (ECF No. 98). As with the other injuries alleged, while significant, "self-mutilation" falls within section 1997e(e)'s bar on compensatory damages. While the Tenth Circuit has not addressed this question, several federal jurisdictions including the District of Colorado have held that self-inflicted injuries do not amount to physical injuries

within the meaning of § 1997e(e). *See, e.g.*, *Steyer v. Rogers*, N. 07-3350, 2008 WL 508596, *4 (D.N.J. Feb. 21, 2008) (barring claim under § 1997e(e) where only injuries were self-inflicted and not at the hands of defendants); *Matagrano v. New York State Dep't of Corr.*, No. 98 CIV. 428, 1999 WL 675974, *2 (S.D.N.Y. Aug. 31, 1999) (same); *Argetsinger v. Ritter et al.*, No. 08-cv-1990-PAB-KMT, 2009 WL 3201088, *4 (D. Colo. Sept. 29, 2009) (same). As this District has noted, "allowing a self-inflicted injury to satisfy the physical injury requirement of § 1997e(e) would create a perverse incentive of self harm in prison populations." *Argetsinger*, 2009 WL 3201088, *4.

Because Melnick fails to allege any physical injuries that are not self inflicted, recovery of compensatory damages is unavailable under § 1997e(e). For this reason, the CDOC Defendants respectfully request that the Court dismiss Melnick's request for compensatory damages against them in their individual capacities.

## VII. Mr. Williams and Ms. Mitchell are entitled to qualified immunity in their individual capacities.

The doctrine of qualified immunity "shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (citation omitted). Qualified immunity is an affirmative defense to a § 1983 lawsuit and provides immunity from the outset. *Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995). Its purpose is to give government officials "breathing room" to make reasonable but mistaken judgments. *Stanton v. Sims*, 571 U.S. 3, 5 (2013). It applies in "all but the most exceptional cases," *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998), and it protects "all but the plainly

14

incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

To overcome a defendant's assertion of qualified immunity, the plaintiff must show that (1) the defendant violated the plaintiff's federal constitutional or statutory rights, and (2) the right was clearly established at the time of the violation in the circumstances faced by the defendant. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). If a plaintiff fails to demonstrate either of these two parts, the court must grant a defendant qualified immunity. *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001).

For the reasons stated above, Melnick has failed to show that Mr. Williams or Ms. Mitchell violated any federal constitutional or statutory rights. Accordingly, Melnick *necessarily* has failed to allege facts sufficient to establish the violation of a clearly established federal right. *See Montoya v. Vigil*, 898 F.3d 1056, 1064 (10th Cir. 2018) ("It is true that if the plaintiff failed to state a claim under Rule 12(b)(6), the government would also be entitled to qualified immunity."). For that reason, the CDOC Defendants respectfully request dismissal of the individual-capacity claims against Mr. Williams and Ms. Mitchell because the defense of qualified immunity applies.

## CONCLUSION

For the foregoing reasons, the CDOC Defendants respectfully request that the Court dismiss Melnick's Second Amended Complaint as articulated above.

Respectfully submitted on December 16, 2022.

PHILIP J. WEISER
Attorney General

*s/ Ann Stanton*
ANN STANTON*
Assistant Attorney General
Civil Litigation & Employment Section
*Attorneys for CDOC Defendants*
1300 Broadway, Tenth Floor
Denver, CO 80203
Telephone: (720) 508-6000
Fax: (720) 508-6032
E-Mail: ann.stanton@coag.gov
*Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that on December 16, 2022, I have duly served the within **CDOC**

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED**

**COMPLAINT UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6)** upon all parties herein by

electronic filing through the CM/ECF filing system, and by depositing a copy of same in the

United States mail, postage prepaid, at Denver, Colorado, on December 19, 2022, addressed as

follows:

Hunter Adam Melnick, #148112
Arkansas Valley Correctional Facility (AVCF)
12750 Highway 96 at Lane 13
Ordway, CO 81034
*Plaintiff Pro Se*

*Courtesy copy e-mailed to client representative:*

Adrienne Sanchez, Associate Director
of Legal Services, CDOC

*s/ Jim Mules & Mariah Cruz-Nanio*