IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01695-CNS-KLM

HUNTER ADAM MELNICK,

    Plaintiff,

v.

DEAN WILLIAMS, Executive Director of Prisons, in his official capacity, and
SARAH BUTLER, Dr., Chief of Psychiatry, in her individual and official capacities,

    Defendants.

## ORDER

Before the Court is Plaintiff's Objection[1] to United States Magistrate Judge Kristen L. Mix's Report and Recommendation denying Plaintiff's Motion for Preliminary Injunction and Motion for Voluntary Dismissal. (ECF Nos. 47, 60, 100). For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

### I. BACKGROUND

The Court incorporates the facts from its prior Order and the Recommendation by Magistrate Judge Mix. (ECF Nos. 80, 100). Plaintiff is *pro se* and currently incarcerated at the

---

[1] Plaintiff does not object to the denial of the Motion for Voluntary Dismissal. (ECF No. 104, p. 1). After reviewing all the relevant pleadings, the Court concludes that Magistrate Judge Mix's analysis regarding the Motion for Voluntary Dismissal was thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error on the face of the record. The remainder of this Order will only focus on the objections to the denial of Plaintiff's Motion for Preliminary Injunction.

1

Bent County Correctional Facility. Plaintiff allegedly experiences gender dysphoria disorder and filed a motion for a preliminary injunction to be placed in "a female placement facility." (ECF No. 47, p. 1). Plaintiff's motion, which is only one page long, states that she believes that this placement would "assist in the prerelease before parole of Plaintiff in September" and that "[e]very day is a continuing injury where Plaintiff's civil rights are violated." (*Id.*). Magistrate Judge Mix recommended denial of the motion for a preliminary injunction because, among other things, Plaintiff failed to show irreparable injury, failed to demonstrate or discuss the elements required for an injunction, does not identify any specific harm that the requested relief would necessarily prevent, and the relief requested imposes a significant intrusion on the operations of Colorado Department of Corrections (CDOC). (ECF No 100, pp. 7-9).

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A preliminary injunction is an "extraordinary remedy" and should only be granted where the necessity for it is clearly established. *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir.

2005) (internal quotations and citations omitted).  To prevail on a motion for a preliminary injunction, the movant must prove: (1) a substantial likelihood of prevailing on the merits; (2) irreparable injury unless the injunction is issued; (3) that the threatened injury (without the injunction) outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction will not adversely affect the public interest.  *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019) (internal quotations and citation omitted). "An injunction can issue only if each factor is established." *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022) (citation omitted).  The final two requirements (harm to the opposing party and the public interest) merge when the Government is the opposing party.  *Id*. at 1278 (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).  The Tenth Circuit's definition of "probability of success" is liberal, especially where "the moving party has established that the three 'harm' factors tip decidedly in its favor."  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Because injunctive relief is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.  *Schrier*, 427 F.3d at 1258 (citation omitted).  The Tenth Circuit specifically disfavors injunctions that will (1) alter the status quo, (2) mandate an affirmative act by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits.  *Id.* at 1259 (citation and internal quotations omitted).  Here, Plaintiff's motion falls into the second category of disfavored injunctions because the preliminary injunction would mandate that Defendants transfer Plaintiff to a female-only correctional facility.

### III.  ANALYSIS

Magistrate Judge Mix determined that Plaintiff did not identify "a certain, great, or actual harm to Plaintiff that would result if she is not transferred to a female facility." (ECF No. 100, p. 6).  Plaintiff objects, citing *Lamb v. Norwood*, 899 F.3d 1159 (10th Cir. 2018), and argues that transferring to another facility constitutes treatment for gender dysphoria.[2]  To be clear, Plaintiff did not move for a preliminary injunction for CDOC to provide her with hormone therapy, but merely for CDOC to transfer her to a women's facility.  In *Lamb*, the Tenth Circuit noted that gender dysphoria can be treated by:

> •[c]hanges in gender expression and role (which may involve living part time or full time in another gender role, consistent with one's gender identity);
> •[h]ormone therapy to feminize or masculinize the body;
> •[s]urgery to change primary and/or secondary sex characteristics (e.g., breasts/chest, external and/or internal genitalia, facial features, body contouring);
> •[p]sychotherapy (individual, family, or group) for purposes such as exploring gender identity, role, and expression; addressing the negative impact of gender dysphoria and stigma on mental health; alleviating internalized transphobia; enhancing social and peer support; improving body image; and promoting resilience.

*Lamb*, 899 F.3d at 1161.  Nowhere in *Lamb* did the Court state that a change in "gender expression and role" equated to transferring an incarcerated person to another facility.  In the initial motion, Plaintiff stated:

> Plaintiff believes that [transfer] would assist in the prerelease before parole of Plaintiff in September.  Plaintiff requests this relief now as this particular relief will be unavailable in a few months when the Plaintiff is released.  Every day is a continuing injury where Plaintiff's civil rights are violated but the granting of this Order would provide at least some genuine relief as well as mitigating some requested monetary damages from Defendant.

---

[2] Typically the Court will not consider new arguments raised for the first time in an objection. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").  However, because Plaintiff is *pro se*, the Court will explain why *Lamb* is inapplicable; however, the Court will not expound on Plaintiff's theory on monetary damages as that has no relevance to the issue of whether a preliminary injunction should be issued.

(ECF No. 47, p. 1).

Magistrate Judge Mix correctly ruled that Plaintiff does not identify irreparable injury that warrants a preliminary injunction. (ECF No. 100, p. 7). Furthermore, the requested relief that Plaintiff seeks does not outweigh the damage the proposed injunction would cause Defendants. (*Id*.). Generally prison management "should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively" and the Court should only grant injunctive relief in such a situation under "exceptional and compelling circumstances." *Escobar v. Reid*, No. CIVA06CV01222CMAKLM, 2008 WL 4877009, at *3 (D. Colo. Nov. 12, 2008), *aff'd*, 348 F. App'x 387 (10th Cir. 2009) (citations omitted); *see also Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) ("We, too, abhor any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems."). While the Court is concerned by Plaintiff's statements of self-harm[3] in her Objection, she fails to explain how (1) transfer to a female facility would constitute treatment for gender dysphoria or how transfer to a female facility would alleviate her gender dysphoria and (2) how she will suffer irreparable injury unless the injunction is issued.

## IV. CONCLUSION

Accordingly, Plaintiff's Objection is OVERRULED, and Magistrate Judge Mix's Report and Recommendation is AFFIRMED and ADOPTED as an Order of this Court. (ECF No. 100).

---

[3] Plaintiff states "[i]f Plaintiff ends up committing suicide because the situation becomes unbearable then obviously the [Plaintiff's] family could not continue this instance action for injunctive relief, as this would be unavailable, but the monetary damages, including the punitive aspect would increase exponentially." (ECF No. 104, p. 4). While it is unclear to the Court if Plaintiff is speaking hypothetically, such statements cause concern. The Court recommends that Defendants take necessary steps to address these statements in accordance with policies pertaining to inmates' statements of potential self-harm.

Plaintiff's Motion for Preliminary Injunction and Motion for Voluntary Dismissal are DENIED WITHOUT PREJUDICE.  (ECF Nos. 47, 60).

DATED this 13th day of January 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge