# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Daniel D. Domenico

Civil Action No. 21-cv-01695-DDD-SBP

HUNTER ADAM MELNICK,

    Plaintiff,

v.

POLIS, Governor
DEAN WILLIAMS, Exec. Dir. of Prisons,
DR. BUTLER, Chief of Psychiatry,
THERESA MITCHELL,
JANE DOE, and
JANE/JOHN DOES,

    Defendants.

## ORDER ADOPTING IN PART RECOMMENDATION OF MAGISTRATE JUDGE AND DISMISSING CASE

Plaintiff Hunter Melnick brought this claim while imprisoned in Colorado's state system, asserting various claims based on the allegation that Defendants failed to provide proper treatment and accommodation for Plaintiff's gender dysphoria disorder. See Doc. 98 (the "Complaint"). In her Report and Recommendation, Magistrate Judge Susan Prose laid out the background and history of this case, which I need not repeat here. Doc. 130. Judge Prose recommended dismissing most, but not all, of Plaintiff's claims. *Id.* Defendants Williams and Butler timely filed a Partial Objection. Doc. 135. Plaintiff did not file any response to the

Recommendation or to the Partial Objection.[1] For the reasons below, the objections will be sustained, the Recommendation is adopted in part, and the case will be dismissed.

**LEGAL STANDARDS**

When reviewing a magistrate judge's recommended disposition of a pretrial matter dispositive of a party's claim or defense, a district judge must conduct a de novo review of those portions of the magistrate judge's recommendation to which a party has filed timely and specific written objections. Fed. R. Civ. P. 72(b)(2)–(3); 18 U.S.C. § 636(b)(1). To preserve an issue for de novo review, a party's objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). As to those portions of the recommendation to which no timely, specific objection has been made, the district judge may review the magistrate judge's factual and legal conclusions under any standard the district judge deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 18 U.S.C. § 636(b)(1).

---

[1] Judge Prose ordered Plaintiff to submit a status report by September 19, 2023, clarifying whether Plaintiff remained in custody. Doc. 130 at n. 1. No report was filed by that date, so I ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute or comply with orders. Doc. 138. Plaintiff then filed a report stating simply "Plaintiff is out of prison and sent a change of address on 1-17-23." Doc. 139. This answered Judge Prose's original order, but not quite my more recent show cause. But given that we now know that Plaintiff has been receiving the docket entries from the court and is able to respond to them, the order to show cause is discharged.

When presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must decide whether the facts alleged in the complaint, if true, would entitle the claimant to some legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The court must accept the alleged facts as true and view them in the light most favorable to the claimant. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the court need not accept as true conclusory allegations that are unsupported by factual averments. *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1159 (10th Cir. 2021). To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, accepted as true, allow the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court typically must not look outside the pleadings when deciding a Rule 12(b)(6) motion, but is permitted to consider documents that a complaint incorporates by reference, documents referred to in a complaint if they are central to the claims and their authenticity is undisputed, and facts of which a court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

Because Plaintiff is not represented by an attorney, courts must construe his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A judge may not, however, supply additional factual allegations to "round out" the party's pleadings or assume the role of advocate on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

## DISCUSSION

### I. Claims for prospective relief

The bulk of Plaintiff's requested relief was prospective: "to be treated as any other female in DOC custody . . . and to also be given therapy, and actual medical treatment for gender dysphoria, and to stop the harassment of DOC personnel, with a permanent injunction against the defendants in their official capacities enforcing this relief." Doc. 98 at 6. It now being established that Plaintiff is out of prison, these claims are moot and must be dismissed to the extent they seek such equitable relief. *See Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir.1997) (holding that once prisoner was released from the prison system, neither declaratory nor injunctive relief would have any effect on defendants' behavior); *Jordan v. Sosa*, 654 F.3d 1012, 1029 (10th Cir. 2011) (claims for injunctive relief against prison officials rendered moot by the plaintiff's transfer to another facility);

Although it does not specify which claims might support what relief, the Complaint does also ask for "Nominal, Monetary, and Punitive damages against Defendants in their individual capacities, of $350,000 per defendant." Doc. 98 at 6. To the extent the complaint seeks such monetary relief, it is not moot, so the merits must be addressed.

### II. Unobjected-to portions of Judge Prose's Recommendation

Judge Prose's recommendation carefully lays out the details of the case and they need not be repeated here. Judge Prose also does an admirable job of liberally construing the Complaint's factual allegations and legal citations, organizing them into recognized causes of action as well as they can be. *See, e.g.*, Doc. 130 at 37. Nevertheless, she

recognized that most of the allegations and claims are not legally redressable, and recommended most be dismissed. *Id.*

Plaintiff's claims challenging a CDOC regulation concerning the management of transgender inmates under the Eighth and Fourteenth Amendments to the U.S. Constitution, for example, were already dismissed with prejudice by Judge Sweeney of this Court. See Doc. 80 at 6–8. Judge Prose recognized that Plaintiff is prohibited from raising the same claims again. See Doc. 130 at 8–10. She therefore recommended dismissing those claims and warned that attempting to assert them yet again could result in sanctions. *Id.*

Judge Prose also recognized that to the extent Plaintiff brings individual-capacity claims against Mr. Williams and Ms. Mitchell, Plaintiff failed to overcome their qualified immunity defense. *Id.* at 11–21. In particular, she noted that the Complaint fails to support conclusory assertions about these defendants' state of mind and conduct with actual factual averments. To the extent Plaintiff brought official-capacity claims on this basis, Judge Prose noted that this cannot survive under either the Eleventh Amendment or the law governing qualified immunity. *Id.* at 22, n.9. The Recommendation also notes that there are no allegations regarding Ms. Mitchell that would support a claim under the Colorado Anti-Discrimination Act. *Id.* at 24–25.

As to claims under the federal Americans with Disabilities Act, Judge Prose recognized that the ADA does not permit claims to be

brought against Defendants in their individual capacities.[2] The Recommendation also notes that the claim against Ms. Mitchell in her official capacity was duplicative of the claim against Mr. Williams. *Id.* at 31. It therefore recommended that the ADA claims against Mr. Williams and Dr. Butler in their individual capacities and against Ms. Mitchell be dismissed.

---

[2] As noted above, the Complaint specifies that Plaintiff's damages requests only relate to claims against "Defendants *in their individual capacities*, of $350,000 per defendant." Doc. 98 at 6 (emphasis added). Since only damages claims remain at issue, this would be another reason to dismiss the ADA claims.

Finally, Judge Prose recommended dismissing Plaintiff's claims against Governor Polis and the Doe Defendants. As she explained, the claims against the governor are insufficient to show either any personal participation to support an individual-capacity claim or any ongoing authority that would be subject to injunctive relief. Doc. 130 at 34. She also carefully reviewed the allegations as to the Doe Defendants. And, even presuming their alleged conduct was true, concluded that such actions did not amount to a violation of any of the statutory or constitutional provisions at issue. *Id.* at 35–36.[3]

None of these recommendations have been objected to by any party. I have reviewed the record and the recommendation for clear error, and find none on these questions. Judge Prose went out of her way to liberally construe Plaintiffs' filings and correctly determined that these claims cannot survive. The Recommendation is adopted as to all of the unobjected-to portions.

## III. Defendants' Objections

Judge Prose recommended denying the motion to dismiss as to three claims: The ADA claims against Defendants Williams and Butler and their official capacities, the claim for compensatory damages under Section 1983 against Dr. Butler, and the Colorado state Anti-Discrimination Act claims against Dr. Butler and Mr. Williams. Doc. 130 at 37. Defendants Butler and Williams timely objected to each of these recommendations. Doc. 135.

---

[3] It also appears that these defendants were previously dismissed from the case (Doc. 14) and that Plaintiff never properly served them with the subsequent Complaint.

### A. ADA claims

To the extent Plaintiff has live official-capacity claims for damages under the ADA (*but see* n. 2, *supra*), the Complaint must show facts supporting three elements: that Plaintiff (1) "is a qualified individual with a disability, (2) who was excluded from participation or denied the benefits of a public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007)).

The parties and the Recommendation focused on the first element, but I find it unnecessary to decide whether gender dysphoria syndrome is a "disability" within the meaning of the ADA. I assume that it is. The legal flaw in Plaintiff's ADA case is that the Complaint does not allege that Plaintiff was excluded from any service, benefit, or program on the basis of that condition. The heart of what the Complaint seeks is "to be treated as any other female in the custody of the DOC." Doc. 98 at 6. But gender dysphoria was not the *reason* Plaintiff was denied treatment as a female. That syndrome is why Plaintiff wants treatment and different housing arrangements. Indeed, the point of this case is that Defendants failed to properly recognize and respond to that condition—Plaintiff's allegations are that Defendant like inmates without that condition. In other words, to the extent being treated as a female prisoner is a service, program, or activity, Plaintiff was not *denied* it on account of the disability; he wanted access to it on account of the disability.

Failure to properly address inmates' medical needs, including disabilities, can lead to a variety of claims. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (holding prison officials can be liable for

deliberate indifference to a serious medical need when "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); *but see Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) ("the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation"). The ADA, however, "does not create a remedy for medical malpractice." *Savage v. Troutt*, 780 F. App'x 574, 578 (10th Cir. 2019). Failing to provide Plaintiff with treatment for this condition may have been wrong, but it does not state an ADA claim.

The Recommendation recognized that, for example, "Plaintiff knows that other offenders receive hormones, gender conforming surgery, female facility placement, and psychotherapy while incarcerated in Colorado Department of Corrections and these other offenders are in the identical situation as the Plaintiff." Doc. 98 at 10. It suggested doubts about whether Plaintiff could prove this at trial, but, based on a liberal construction of the allegations, found it sufficient to proceed. Doc. 130 at 31. I likewise take a liberal view of what the Plaintiff might be able to prove at trial; but my disagreement is not on that basis. I sustain the objection because, even if Plaintiff could prove that others get such treatment, that would not legally suffice to show that the reason Defendants did not get similar treatment here was *because of* Plaintiff's condition, rather than in spite of it.[4] What Plaintiff seeks here is not something other prisoners, without gender dysphoria, have access to but Plaintiff

---

[4] Indeed, that others with gender dysphoria receive such treatment tends to suggest the opposite.

is denied. Since that is what the ADA protects, Plaintiffs' ADA claims fail as a matter of law and must be dismissed.

### B. Compensatory damages claim

The other federal claim the Recommendation would allow to proceed is a Section 1983 claim against Dr. Butler for "extreme distress being suffered . . . due to current housing situation in a male facility and gender dysphoria." Doc. 98 at 9.[5] Judge Sweeney previously dismissed this claim because the original complaint failed to allege that Plaintiff had suffered any physical injury, as required by the Prison Litigation Reform Act. See Doc. 80 at 8; 42 U.S.C. § 1997e(e). As the Recommendation notes, the amended Complaint asserts two physical manifestations of this distress: "head banging" and "self-mutilation." Doc. 98 at 9. The Recommendation acknowledged that in several other cases, this Court had held that similar claims of self-harm are not sufficient to satisfy the PLRA. See Doc. 130 at 33 (citing *Hall v. Elbe*, No. 18-cv-01056-PAB-NRN, 2022 WL 16855691, at *13 (D. Colo. Nov. 9, 2022); *Argetsinger v. Ritter*, No. 08-cv-1990-PAB-KMT, 2009 WL 3201088, at *4 (D. Colo. Sept. 29, 2009)). But given the fact that the Tenth Circuit has not yet ruled on this question, and in light of our duty to afford liberal construction to pro se litigants' allegations, Judge Prose viewed it as premature to dismiss this claim.

I appreciate the Recommendation's careful approach and thoughtful analysis, but respectfully conclude otherwise. While judges must construe pro se filings and allegations liberally, the question here is a legal

---

[5] The Complaint is not entirely clear, but I agree with Judge Prose's liberal construction that the remaining claim is an Eighth Amendment claim against Dr. Butler. See Doc. 130 at 32.

one. That it is presented by a party without an attorney does not tip the scales in either direction, and my reading of the law persuades me that *Hall* and *Argetsinger* have it right. The physical injury requirement of the PLRA limits claims to situations where a physical injury causes (or is at least coincides with) emotional distress. *See* 42 U.S.C. § 1997e(e) (requiring "a *prior* showing of physical injury"). It does not extend to situations like this, where emotional distress is alleged to have caused one to physically injury oneself.

The PLRA was designed to make it hard for prisoners to bring suits based on subjective feelings such as emotional distress. And whether a prisoner is harming oneself due to malfeasance of prison officials or for other reasons is just as difficult to prove or disprove. More problematically, as the *Argetsinger* Court explained, "allowing a self-inflicted injury to satisfy the physical injury requirement of § 1997e(e) would create a perverse incentive of self harm in prison populations." 2009 WL 3201088, *4. Allowing the sort of self harm alleged here to satisfy the physical injury requirement is inconsistent with the text and purpose of the PLRA. This claim fails not because Plaintiff's Complaint is read narrowly or broadly, but because its allegations do not meet the legal requirements for this claim.

### C. CADA Claim

Plaintiff also alleges claims that fall under the Colorado Anti-Discrimination Act. Colo. Rev. Stat. §§ 24-34-401, 501, 601 and 701. A district court generally should decline to exercise supplemental jurisdiction over a state-law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir. 2008) (district court did not abuse discretion

in declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims; "we have repeatedly recognized that this is the preferred practice"). Because the court must dismiss all of Plaintiff's federal claims, consistent with the preferred practice in the Tenth Circuit, the court will decline to exercise supplemental jurisdiction over claims alleging violations of the Colorado statutes. *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (if federal claims are dismissed before trial leaving only issues of state law, federal court should decline exercise of jurisdiction over state-law claims and dismiss them without prejudice); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

These claims are dismissed without prejudice to Plaintiff's right to bring them in another appropriate court.

## CONCLUSION

It is **ORDERED** that:

- The Order to Show Cause (Doc. 138) is DISCHARGED;

- The Defendants' Partial Objection (Doc. 135) is SUSTAINED;

- The Recommendation of United States Magistrate Judge (Doc. 130) is ACCEPTED and ADOPTED in part;

- The defendants' Motion to Dismiss Plaintiff's Amended Complaint, (Doc. 105) is GRANTED; and

- Because Plaintiff has had multiple opportunities to remedy the defects in the amended Complaint, further amendment

would be futile, the federal claims in the Second Amended Complaint (Doc. 98) are **DISMISSED with prejudice;**

- Plaintiff's state law claims are **DISMISSED without prejudice,** and the Clerk of Court is **DIRECTED** to close this case.

DATED: December 1, 2023                BY THE COURT:

                                                              ~~Daniel D.~~ Domenico
                                                              United States District Judge